# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PURIS LLC,

    Plaintiff,

v.

ANDREW J. MAYER,

    Defendant.

Case No. 3-25-CV-157-TJC-PDB

_____

## JOINT STATUS REPORT

Pursuant to the Court's Order denying Plaintiff's Motion for Temporary Restraining Order (Doc. 24), Plaintiff and Defendant file this joint status report addressing the hearing date for the hearing on Plaintiff's Motion for Preliminary Injunction and the plan for expedited discovery.

1. The Parties agree that the hearing on Plaintiff's Motion for Preliminary Injunction will occur on April 22, 2025, commencing at 9:00 a.m. The Parties have previously advised the Court's staff regarding such agreement as to the hearing date.

2. The Parties agree on the following plan for expedited discovery and a briefing schedule prior to the hearing:

    a) On or before March 3, 2025, the Parties will enter into a Confidentiality Agreement, which will include a provision whereby confidential and

proprietary documents, including any documents produced by Mayer or PURIS containing private, confidential, proprietary, or trade secret information, can be designated "Confidential—Attorneys' and Experts' Eyes Only" or "Confidential—Outside Counsel and Experts' Eyes Only."

b) Written discovery requests between the parties shall be limited to no more than 20 requests for production (including subparts), to be served no later than March 3, 2025. Plaintiff may issue a subpoena for documents duces tecum without deposition to Crown Electrokinetics Corp. ("Crown") no later than March 3, 2025, and limited to no more than 20 document requests (including subparts);

c) Written responses to the requests for production shall be served no later than March 5, 2025;

d) The production of documents responsive to the requests for production shall commence by March 17, 2025, with all production completed no later than March 21, 2025;

e) Depositions shall occur between March 26 and April 11, 2025 (unless otherwise mutually agreed by the Parties) and shall be limited to the following deponents set forth below, with the specific dates and times of the depositions to be mutually agreed by the Parties. All depositions, including depositions of corporate representatives, shall be limited to five

(5) hours, not including breaks. No deposition subpoenas or notices may include any duces tecum document request component.

1. Defendant Andrew J. Mayer;
2. Rule 30(b)(6) corporate representative of Crown[1] by non-duces tecum subpoena;
3. Lauren Romero (employee of Crown) by non-duces tecum subpoena;
4. David Kinsella (employee of Crown) by non-duces tecum subpoena;
5. Mick Fegan, employee of Plaintiff;
6. Rule 30(b)(6) corporate representative of Plaintiff; and
7. Jeff Johnson, employee of Plaintiff
8. Any individual or entity that either Party concludes during the Discovery Period or otherwise that it intends to obtain a Declaration from and file as evidentiary support for the briefing referenced in Paragraph 2(f), *infra.*, and the Parties agree that any such Declarant shall be made available for deposition, either duces tecum or non-duces tecum, as the case may be. Any such Declarant must be identified and the Declaration produced by April 7, 2025.

f) Plaintiff shall file any amended or supplemental briefing, and any evidentiary support for its Motion for Preliminary Injunction by April 15, 2025. Defendant shall file any amended or supplemental briefing, and any evidentiary support in opposition to Plaintiff's Motion for Preliminary Injunction by April 18, 2025.

3. The Parties agree to abide by the schedule and agreements set forth in this Joint Status Report. Except for the briefing schedule set forth in Paragraph 2(f)

---

[1] The Parties acknowledge that Crown is not a party to this action and Defendant Mayer does not bind or obligate non-party Crown by his counsel's execution or submission of this Joint Status Report.

above, the Parties may modify this schedule upon the mutual written agreement of the Parties, but such agreements shall not cause the hearing to be delayed or postponed. Nothing in this paragraph shall limit either Party's right to seek leave from the Court to reschedule the hearing for good cause.

4. Except for the limitations expressly described above, nothing in this Joint Report shall limit or prejudice either Party's rights to discovery otherwise afforded by the Federal Rules of Civil Procedure.

Dated this 28th day of February, 2025.

Respectfully submitted,

| /s/ Lauren V. Purdy<br>Lauren V. Purdy<br>Florida Bar. No. 93943<br>William K. Hill<br>Florida Bar. No. 747180<br>Rebecca Maturo<br>Florida Bar. No. 1049429<br>**Gunster, Yoakley & Stewart, P.A.**<br>1 Independent Drive, Suite 2300<br>Jacksonville, FL 32202<br>whill@gunster.com<br>lpurdy@gunster.com<br>rmaturo@gunster.com<br><br>and<br><br>Thad Behrens (Pro hac vice)<br>Jacob Fields (Pro hac vice)<br>Danielle Canfield Vorbrodt (Pro hac vice)<br>**Allen Overy Shearman Sterling LLP**<br>2601 Olive Street, 17th Floor<br>Dallas, TX 75201 | /s/ Jeffrey S. York<br>C. Ryan Maloney<br>Florida Bar No. 652903<br>Jeffrey S. York<br>Florida Bar No. 987069<br>John P. Whelan<br>Florida Bar No. 1058589<br>**SHUTTS & BOWEN LLP**<br>1000 Riverside Avenue, Suite 800<br>Jacksonville, FL 32204<br>Telephone: 904-899-9926<br>rmaloney@shutts.com<br>jyork@shutts.com<br>jwhelan@shutts.com<br>*Attorneys for Defendant* |

| | |
|---|---|
| thad.behrens@aoshearman.com<br>jacob.fields@aoshearman.com<br>danni.vorbrodt@aoshearman.com<br><br>*Attorneys for Plaintiff* | |