# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PURIS LLC,

            *Plaintiff*,

v.

ANDREW J. MAYER,

            *Defendant*.

Case No. 3:25-cv-00157-TJC-PDB

## AMENDED STIPULATION AND [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND PRESERVATION OF PRIVILEGED INFORMATION

Pursuant to Federal Rule of Civil Procedure 29 and the Court's March 5, 2025 Endorsed Order, and in the interest of efficiency and judicial economy, the undersigned Plaintiff and Defendant hereby stipulate and agree to the procedures set forth herein for designating and protecting confidential materials in the above action.

IT IS HEREBY AGREED that:

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of trade secrets or other confidential research, development, or commercial information, within the meaning of Federal Rules of Civil Procedure Rule 26(c), or other private or competitively sensitive information for which special protection

from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

## 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, in house counsel and employees.

2.2 <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this matter and the contents and information contained therein, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, or summaries of the foregoing materials.

2.3 <u>Confidential Information</u>: all Discovery Material furnished by a Producing Party in conjunction with this litigation, regardless of how generated, stored, or maintained, or tangible things, which the Producing Party in good faith reasonably believes contains personal or business information of a nonpublic or confidential or proprietary nature that requires the protections provided by this Order and which the Producing Party has designated as Confidential Information as provided in Section 5.2 of this Order.

2.4   Confidential—Attorneys' and Experts' Eyes Only Information: all Discovery Material containing trade secrets or other confidential research, development, or commercial information that is so highly competitive and sensitive in nature (such as certain documents or information reflecting or containing confidential pricing, production cost, marketing, customer, or financial data or information or confidential contracts not publicly available) that if disclosed to the opposing party's business personnel, could result in serious competitive or other harm such that the information should be further restricted (as set forth in Section 7.3 of this Order) beyond the restrictions afforded to Confidential Information, and which the Producing Party has designated as Confidential—Attorneys' and Experts' Eyes Only Information as provided in Section 5.2 of this Order.

2.5   Confidential—Outside Counsel and Experts' Eyes Only Information: all Discovery Material containing trade secrets or other confidential research, development, or commercial information that is so highly competitive and sensitive in nature (such as certain documents or information reflecting or containing confidential pricing, production cost, marketing, customer, or financial data or information or confidential contracts not publicly available) that if disclosed to the opposing party's business or legal personnel, could result in serious competitive or other harm such that the information should be further restricted (as set forth in Section 7.4 of this Order) beyond the restrictions afforded to Confidential

Information or Confidential—Attorneys' and Experts' Eyes Only Information, and which the Producing Party has designated as Confidential—Outside Counsel and Experts' Eyes Only as provided in Section 5.2 of this Order.

2.6  Producing Party: a Party or non-party that produces Discovery Material in this action.

2.7  Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.8  Designating Party: a Party or non-party that designates Discovery Material as Confidential Information, Confidential—Attorneys' and Experts' Eyes Only Information, and/or Confidential—Outside Counsel and Experts' Eyes Only Information.

2.9  Protected Material: any Discovery Material that is designated (or whose designation includes any of the following) Confidential, Confidential—Attorneys' and Experts' Eyes Only, and/or Confidential—Outside Counsel and Experts' Eyes Only.

2.10 Outside Counsel: attorneys, along with their paralegals and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this action.

4

2.11 <u>In-House Legal Personnel</u>: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this litigation for the Party.

2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Legal Personnel (as well as their support staffs, including, but not limited to, attorneys, paralegals, secretaries, law clerks, and investigators).

2.13 <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover all Discovery Material, including Protected Material (as defined above), and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations

by Parties or Counsel to or in court or in other settings that might reveal Protected Material. However, with the exception of the requirements in Section 11 below, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy its own attorney work product, or the work product of their co-counsel. The terms of this Order shall be interpreted and implemented in conformance with the Civil Local Rules for this Court.

### 4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Designating Material for Protection</u>: Each Party or non-party agrees to exercise good faith in designating Discovery Material as Protected Material pursuant to this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (*see* Section 5.2(b) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation. Thereafter, the material so designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated materials with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), if not already previously designated with a legend by the Designating Party when such materials were readied for production, or otherwise provided by agreement, the Designating Party shall affix the appropriate one of the following legends "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL—ATTORNEYS' AND EXPERTS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL—OUTSIDE COUNSEL AND EXPERTS' EYES ONLY—

SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Protected Material;

(b)  For written discovery responses, designation shall be made by means of a statement in the answers or response specifying that the answers or responses or specific parts thereof are designated Confidential Information, Confidential—Attorneys' and Experts' Eyes Only Information, or Confidential—Outside Counsel and Experts' Eyes Only Information. Moreover, the Designating Party shall affix the following legend on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information, Confidential—Attorneys' and Experts' Eyes Only Information, and/or Confidential—Outside Counsel and Experts' Eyes Only Information:

"CONTAINS CONFIDENTIAL INFORMATION [OR ATTORNEYS' AND EXPERTS' EYES ONLY INFORMATION, OR OUTSIDE COUNSEL AND EXPERTS' EYES ONLY INFORMATION]—SUBJECT TO PROTECTIVE ORDER." Designated parts are not to be used, copied, or disclosed except as authorized by Court Order.

(c)  For testimony given in deposition, the Designating Party shall designate a transcript or any portion of the testimony that is Confidential Information, Confidential—Attorneys' and Experts' Eyes Only Information, and/or Confidential—Outside Counsel and Experts' Eyes Only Information, either on the

record before the deposition is concluded, or in writing on or before thirty (30) days after the final transcript is issued by the court reporter. With respect to depositions taken in advance of the April 22, 2025, hearing on the Plaintiff's Motion for Preliminary Injunction, the deadline for making a post-deposition designation of testimony shall be five (5) business days after the transcript is issued by the court reporter.  No person shall be present during portions of the depositions designated Protected Material, unless such person is authorized under the terms of this Order to receive Discovery Material containing such Protected Material or unless the Producing Party consents to such person being present. Only those portions of the testimony that are designated for protection in accordance with this section 5.2(c) shall be covered by the provisions of this Stipulated Protective Order. The entire testimony shall be deemed to have been designated as Confidential—Attorneys' and Experts' Eyes Only Information until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential, Confidential—Attorneys' and Experts' Eyes Only, and/or Confidential—Outside Counsel and Experts' Eyes Only Information except as ordered by the Court.

Each transcript page containing Protected Material must be labeled with one of the following legends: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL—ATTORNEYS' AND EXPERTS' EYES ONLY—

9

SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL—OUTSIDE COUNSEL AND EXPERTS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER" as instructed by the Designating Party, and the use of such portions of the transcript so designated shall be limited pursuant to the other terms of this Order; and

(d) <u>For information produced in electronic or video format, and for any other tangible items</u>, if not already previously designated with a legend by the Designating Party when such materials were readied for production, or otherwise provided by agreement, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored with one of the following legends: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL—ATTORNEYS' AND EXPERTS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL—OUTSIDE COUNSEL AND EXPERTS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER"

5.3 <u>Inadvertent Failures to Designate</u>: If corrected, an inadvertent failure to designate qualified information or items as Confidential, Confidential—Attorneys' and Experts' Eyes Only, and/or Confidential—Outside Counsel and Experts' Eyes Only does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is re-designated as

Confidential, Confidential—Attorneys' and Experts' Eyes Only, and/or Confidential—Outside Counsel and Experts' Eyes Only after the material was initially produced, the Receiving Party, upon notification of the designation, must treat the material in accordance with the provisions of this Order thereafter.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>: A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone, or in person of its challenge and identify the challenged material. The Parties must then meet and confer in good faith. Each Party must explain the basis for its respective positions about the propriety of the challenged confidentially designations.

6.3 <u>Judicial Intervention</u>: If, after ten (10) days from the date the Designating Party receives written notice of the challenge to confidentiality (or within such additional time as is reasonable taking into account the number of documents or other information in issue and is agreed to by counsel or as ordered by the Court), the Designating Party and the challenging Party have been unable to

resolve the designation dispute informally, the challenging Party may move the Court for an order redesignating the challenged material. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentially designation shall remain upon the Designating Party. Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which it would be entitled under the Designating Party's designation.

In the event that the final ruling of the Court is that the challenged material is not properly designated, the Designating Party shall reproduce copies of all materials with their designations removed in accordance with the ruling within thirty (30) days at the expense of the Designating Party. If the Challenging Party fails to move the Court for an order redesignating the challenged material within thirty (30) days after providing written notice to the Designating Party of the challenge to confidentiality, then the Challenging Party thereby waives the right to challenge the confidentiality of the challenged material.  Documents that are declassified pursuant to this Section may be used as if they had not been designated Confidential, Confidential— Attorneys' and Experts' Eyes Only, and/or Confidential—Outside Counsel and Experts' Eyes Only on the expiration of the Designating Party's time to file a motion for protective order or the entry of an order of the Court.

### 7.  ACCESS TO AND USE OF DISCOVERY MATERIAL

7.1  Basic Principles: A Receiving Party may use Discovery Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending, or attempting to settle this litigation, subject to the provisions of Paragraph 12 below concerning publicly-available information. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2  Disclosure of Confidential Information: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a)  The Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel and In-House Legal Personnel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Current or former officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(c)    Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Acknowledgment and Agreement to be Bound" (Exhibit A) has been signed;

(d)    The Court and its personnel;

(e)    Stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)    The author, addressees, or recipients of the document, or any other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, provided that such individuals are provided with a copy of this Order and are informed of their obligation to keep the information confidential and not to use it for any purpose other than this litigation and have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), and provided that no portion of the information other than that which specifically relates to the individual or his or her conduct shall be disclosed

14

to the individual, and the individual shall not be permitted to possess or retain copies of such information;

(g)    Witnesses in the action to whom disclosure is reasonably necessary for purposes of depositions, hearings or trial in this litigation, provided that such witnesses are provided with a copy of this Order and are informed of their obligation on the record to keep the information confidential and not to use it for any purpose other than this litigation, and provided that no portion of the information other than that which is reasonably necessary for the individual to review is disclosed to the witness, and the witness shall not be permitted to possess or retain copies of such information; and

(h)    Any other person to whom the Designating Party agrees in writing or on the record, and any other person as may be ordered by the Court.

(i)    Filings will be in accordance with Section 9.1.

7.3    <u>Disclosure of Confidential—Attorneys' and Experts' Eyes Only Information</u>: Unless otherwise ordered by the Court or permitted writing by the Designating Party, a Receiving Party may only disclose any information or item designed Confidential—Attorneys' and Experts' Eyes Only Information to:

(a)    The Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel and In-House Legal Personnel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Acknowledgment and Agreement to be Bound" (Exhibit A) has been signed;

(c)    The Court and its personnel;

(d)    Stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e)    The author, addressees, or recipients of the document, or individuals who are specifically identified in the document, or any employee of the Producing Party who would, in good faith judgment of the person disclosing the document, may have knowledge relating to the subject matter of the document, provided that: no portion of the information other than that which specifically relates to the individual shall be disclosed to the individual, and the individual shall not be permitted to possess or retain copies of such information; and further provided that such individual is provided with a copy of this Order and is informed of the obligation to keep the information confidential and not to use it for any purpose other than this litigation; and further provided that such individual has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), expect that if the individual is a witness and is testifying under oath, such individual can be informed on the record of the individual's obligation to keep the information confidential and

16

not to use it for any purpose other than this litigation in lieu of signing Exhibit A; and

(f)    Any other person to whom the Designating Party agrees in writing or on the record, and any other person as may be ordered by the Court.

(g)    Filings will be in accordance with Section 9.1.

7.4    <u>Disclosure of Confidential—Outside Counsel and Experts' Eyes Only Information</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designed Confidential—Outside Counsel and Experts' Eyes Only Information to:

(a)    The Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts and/or Consultants with respect to each of whom (1) disclosure is reasonably necessary for this litigation, and (2) an "Acknowledgment and Agreement to be Bound" (Exhibit A) has been signed;

(c)    The Court and its personnel;

(d)    Stenographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e)    The author, addressees, or recipients of the document, or

individuals who are specifically identified in the document, or any employee of the Producing Party who would, in good faith judgment of the person disclosing the document, may have knowledge relating to the subject matter of the document, provided that: no portion of the information other than that which specifically relates to the individual shall be disclosed to the individual, and the individual shall not be permitted to possess or retain copies of such information; and further provided that such individual is provided with a copy of this Order and is informed of the obligation to keep the information confidential and not to use it for any purpose other than this litigation; and further provided that such individual has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), expect that if the individual is a witness and is testifying under oath, such individual can be informed on the record of the individual's obligation to keep the information confidential and not to use it for any purpose other than this litigation in lieu of signing Exhibit A; and

(f)      Any other person to whom the Designating Party agrees in writing or on the record, and any other person as may be ordered by the Court.

(g)      Filings will be in accordance with Section 9.1.

7.5  Retention of Exhibit A: Outside Counsel for the Party that obtains the signed copies of the "Acknowledgment and Agreement to be Bound" (Exhibit A), as required above, shall retain them for sixty (60) days following the

final termination of this action, including any appeals. Said documents shall not be discoverable, except upon agreement of the Parties or by order of the Court upon motion for good cause shown.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party for the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

### 9. FILING OF PROTECTED MATERIAL AND USE AT HEARINGS

9.1 <u>Filing and Sealing of Protected Material</u>: Parties may file documents under seal pursuant to the procedure provided in Administrative Procedures for Electronic Filing, § J, and Local Rules 1.11 and 3.01(g). Disputes regarding whether certain documents should be filed under seal will not otherwise affect briefing deadlines in the case. All documents and materials containing Confidential Information, Confidential—Attorneys' and Experts' Eyes Only

Information, and/or Confidential—Outside Counsel and Experts' Eyes Only Information cited in or attached to court papers filed in this case, or which otherwise become part of the judicial record, shall, subject to Court approval, be marked as "SEALED" and filed through CM/ECF.

Further, and pursuant to Local Rule 1.11(a), the parties recognize that no docketed item shall be sealed without a reason sufficiently compelling to overcome the presumption of public access, and that sealing shall not be authorized by a confidentiality agreement, protective order, designation of confidentiality, or stipulation. Pursuant to Local Rule 3.01(g), no motion to seal shall be filed until the moving party has conferred with the opposing party in a good faith effort to resolve the motion, unless the moving party is unavailable, in which case, the moving party shall file the motion in compliance with Local Rule 3.01(g)(3).

9.2  <u>Use of Protected Material at Hearings</u>: A party may, subject to the Federal Rules of Evidence and further Orders of the Court, use any Protected Material for any purpose at any hearing before a judicial officer in this litigation (and as specifically provided by Paragraph 15 herein), provided that reasonable notice (except in unforeseen circumstances, at least forty-eight (48) hours in advance) is given to counsel for the party who designated the Protected Material, and provided further that the Producing Party may at the time of such proposed use, and prior to the disclosure of the Protected Material, move for an appropriate protective order.

In requiring reasonable notice of proposed use of Protected Material, this Order does not seek to require a separate notice procedure; rather, good faith compliance by any party with this Court's pre-hearing and/or pretrial requirements to disclose the documents proposed for use at the hearing or trial and/or the filing of a pleading from which the intent to use specific confidential information (referenced by bates number or other specific designation) at trial or hearing is made clear shall constitute compliance with this notice requirement. To the extent that the Producing Party is provided less than forty-eight (48) hours notice of the intent of another party to use Protected Material at trial or hearing, this Court will afford such time as is reasonably necessary for the producing party to confer with the appropriate person to determine the extent to which a protective order may be necessary and to move for the same.

## 10. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including any appeals, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material, exclusive of attorney work product. Whether the Protected Material is returned or destroyed, upon written request from the Producing Party, the Receiving Party must submit a written certification to the

21

Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, expert reports, correspondence and attorney work product, even if such materials contain Protected Material. Experts retained by the parties are entitled to retain any archival copy of any expert report they have prepared. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 11. INADVERTENT PRODUCTION OR COMMUNICATION

11.1 <u>Inadvertently Produced Privileged Documents</u>: A Producing Party's inadvertent disclosure in connection with this Action of one or more documents that such Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Material"), shall not constitute a waiver with respect to such Privileged Material or generally of such privilege or immunity or the subject matter thereof. In the event of alleged

inadvertent disclosure of alleged Privileged Material, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return of the alleged Privileged Material. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Material and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and within ten (10) days of receiving such notice of inadvertent production of Privileged Material, the Receiving Party shall return all documents identified by the Producing Party in such notice and shall expunge from any other document, information or material derived from the inadvertently produced Privileged Material.

In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the documents shall nevertheless be immediately returned to the Producing Party, and all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the Receiving Party may bring a motion to compel production of the alleged Privileged Documents, but may not assert, as a ground for compelling production, the fact or circumstance that the alleged Privileged Documents have already been produced by means of the disputed inadvertent disclosure.

In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery as would be provided in a privilege log, and if the Court so requests the Producing Party shall provide the alleged Privileged Documents to the Court for in camera review. Alleged Privileged Documents shall remain segregated and protected against further disclosure and use during the pendency of any dispute over the status of any alleged Privileged Documents.

## 12. PUBLICLY KNOWN OR LEGALLY OBTAINED INFORMATION

Nothing in this Order shall be construed (a) as preventing a Party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such Party, or (b) as preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such Party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

24

### 13. ATTORNEY RENDERING ADVICE

Nothing in this Protected Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 14. DAUBERT, DISPOSITIVE MOTION HEARINGS, AND TRIAL

The terms of this Stipulated Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on Daubert, dispositive motions, and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 15. MISCELLANEOUS

15.1 <u>Third Parties</u>: The terms of this Order shall be applicable to any third party who produces information which is designated by such third party as Protected Material. If a Party to this litigation determines that the information produced by a third party contains the complaining Party's own confidential research, development, or highly sensitive commercial or competitive information (a) for which special protection is warranted and for which the third party should

have designated the information as Protected Material, but the third party failed to so designate, or (b) said third party was obligated to keep confidential by agreement, then the complaining Party may notify the other Receiving Parties of the appropriate designations, and such designations shall govern unless any of the Receiving Parties challenge such designations as set forth in Section 6 of this Order.

15.2 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.3 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.4 <u>No Adequate Remedy At Law</u>: The parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by any party and agree that under such circumstances the parties will be entitled to specific performance, and/or injunctive relief, to enforce the terms hereof, without any requirement to post or provide any bond or other security for such injunction or remedy, in addition to any remedy to which they may be entitled at law or in equity.

This Stipulation does not affect the Court's ultimate authority to determine an appropriate remedy and any conditions therefor in the event of a breach.

15.5 <u>Choice of Law</u>: This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Florida, without giving effect to its principles or rules regarding conflicts of laws. The provisions of this Stipulation shall be binding upon the parties and others to whom Confidential Information is disclosed with notice of the terms of this Stipulation and the character of the disclosed information as being Confidential Information hereunder. All modifications of, waivers of, and amendments to this Stipulation must be agreed to in writing by, or on behalf of, the parties.

15.6 <u>Parties Free To Use Own Materials</u>: This Stipulation has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential that has been obtained lawfully by such party independently of the proceedings in this Action or that becomes publicly available after the Confidentiality designation through no fault or breach by the Receiving Party.

15.7 <u>Additional Parties</u>: In the event that additional parties join or are joined in this Action, they shall not have access to Confidential Information until the newly joined party by its counsel has executed and filed with the Court its agreement

27

to be fully bound by this Stipulation, upon which execution and filing, the additional party shall be a party to this Stipulation for all purposes.

15.8 Agreement To Be Bound: The parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

15.9 No Waiver or Admission: Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15.10    Termination of Action: Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals (or time to seek further review or appeal), all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, upon written request from the Producing Party, such party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the

28

contrary, counsel of record for the parties may retain copies of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in, this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

      15.11    <u>Further Order of the Court</u>: This Stipulation may be changed by further order of this Court. Further, nothing herein shall prejudice the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**DONE** and **ORDERED** in Jacksonville, Florida, on March ___, 2025.

_____
Hon. Timothy J. Corrigan
U.S. District Court Judge

Respectfully submitted this 7th day of March, 2025,

| | |
|---|---|
| */s/ Lauren V. Purdy* | */s/ C. Ryan Maloney* |
| William K. Hill | C. Ryan Maloney |
| Florida Bar. No. 747180 | Florida Bar No. 652903 |
| Lauren V. Purdy | Jeffrey S. York |
| Florida Bar. No. 93943 | Florida Bar No. 987069 |
| Rebecca Maturo | John P. Whelan |
| Florida Bar. No. 1049429 | Florida Bar No. 1058589 |
| Gunster, Yoakley & Stewart, P.A. | **SHUTTS & BOWEN LLP** |
| 1 Independent Drive, Suite 2300 | 1000 Riverside Avenue, Suite 800 |
| Jacksonville, FL 32202 | Jacksonville, FL 32204 |
| whill@gunster.com | Telephone: 904-899-9926 |
| lpurdy@gunster.com | rmaloney@shutts.com |
| rmaturo@gunster.com | jyork@shutts.com |
| | *Attorneys for Defendant* |
| and | |
| | |
| Thad Behrens (*Pro hac vice*) | |
| Jacob Fields (*Pro hac vice*) | |
| Danielle Canfield Vorbrodt (*Pro hac vice*) | |
| **Allen Overy Shearman Sterling US LLP** | |
| 2601 Olive Street, 17th Floor | |
| Dallas, TX  75201 | |
| thad.behrens@aoshearman.com | |
| jacob.fields@aoshearman.com | |
| danni.vorbrodt@aoshearman.com | |
| | |
| *Attorneys for Plaintiff* | |

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document has been furnished to the below

recipient(s) via the CM/ECF system on this 7th day of March, 2025.

| | |
|---|---|
| Thad Behrens, Esquire<br>Jacob Fields, Esquire<br>Danielle Canfield Vorbrodt, Esquire<br>**Allen Overy Shearman Sterling US LLP**<br>2601 Olive Street, 17th Floor<br>Dallas, TX 75201<br>thad.behrens@aoshearman.com<br>jacob.fields@aoshearman.com<br>danni.vorbrodt@aoshearman.com<br><br>William K. Hill, Esquire<br>Lauren V. Purdy, Esquire<br>Rebecca Maturo, Esquire<br>**Gunster, Yoakley & Stewart, P.A.**<br>1 Independent Drive, Suite 2300<br>Jacksonville, FL 32202<br>whill@gunster.com<br>lpurdy@gunster.com<br>rmaturo@gunster.com<br><br>*Attorneys for Plaintiff* | C. Ryan Maloney<br>Jeffrey S. York<br>John P. Whelan<br>Noah Rust<br>**SHUTTS & BOWEN LLP**<br>1000 Riverside Avenue, Suite 800<br>Jacksonville, FL 32204<br>Telephone: 904-899-9926<br>rmaloney@shutts.com<br>jyork@shutts.com<br>jwhelan@shutts.com<br>nrust@shutts.com<br><br>*Attorneys for Defendant* |

/s/ Lauren V. Purdy
Lauren V. Purdy

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PURIS LLC,

        *Plaintiff,*

v.

ANDREW J. MAYER,

        *Defendant.*

Case No. 3:25-cv-00157-TJC-PDB

     In consideration of the disclosure to me of information which is subject to a Confidentiality Order in this action, I agree as follows:

     1.    I have read the Confidentiality Order in this action, and I agree to be bound by its terms.

     2.    I understand that if I violate the terms of this Confidentiality Order, I may be subject to an enforcement proceeding before the United States District Court for the Middle District of Florida.

     3.    I agree to submit myself to the personal jurisdiction of the United States District Court for the Middle District of Florida in connection with any proceeding concerning the Confidentiality Order.

Dated _____

By: _____

Printed Name: _____