# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PURIS LLC,

    *Plaintiff*,

v.

ANDREW J. MAYER,

    *Defendant.*

Case No. 3:25-cv-00157-TJC-PDB

## JOINT STATUS REPORT REGARDING NON-PARTIES IDENTIFIED IN STIPULATED ORDER GRANTING PRELIMINARY INJUNCTION

Pursuant to the Court's Order dated April 8, 2025 (Doc. 40), Plaintiff PURIS, LLC and Defendant Andrew J. Mayer submit this joint status report to address whether the nonparty individuals and entities identified in the proposed Stipulated Order Granting Preliminary Injunction (Doc. 38-1) (the "Stipulated Order") have consented to the proposed injunction, and, if not, whether their consent is required.

For the reasons below, it is the parties' joint position that the Stipulated Order does not require consent of the nonparties identified. Nevertheless,

nonparty Crown Electrokinetics Corp. ("Crown"), as well as its listed affiliates and current employees, have consented to the proposed injunction.[1]

1. Federal Rule of Civil Procedure 65(d)(2) provides that a preliminary injunction order binds not only parties and their agents, but also *"other persons who are in active concert or participation with"* parties and their agents and *"who receive actual notice"* of the order (emphasis added). *See also, e.g.*, *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017) (under Rule 65(d)(2)(C), nonparties who "aid and abet the party bound by the injunction in carrying out prohibited acts" may be bound by the injunction); *F.T.C. v. Leshin*, 618 F.3d 1221, 1235–36 (11th Cir. 2010) (as a matter of law, an injunction "order binds those 'who receive actual notice of it,' including the parties . . . as well as 'other persons who are in active concert or participation with [them.]'").

2. As the Eleventh Circuit has observed, although not independently bound, such persons may be subject to future contempt proceedings if they knowingly aid in a violation by the named defendant:

---

[1] The nonparties currently affiliated with Crown who have consented to the entry of the proposed injunction are PE Pipelines, Inc., Element 82, Inc., and CMG Pipelines XXL, Inc. As the Court is aware, undersigned counsel for Mr. Mayer also represents Crown, so the consent of the current Crown-affiliates could be readily obtained. To the extent the Court is inclined not to include the names of the remaining listed nonparties in the proposed injunction, PURIS requests leave to make a further submission to the Court explaining the factual predicate for identifying those nonparties in the injunction.

> [P]ersons who are not actual parties to the action or in privity with any parties may not be brought within the effect of a decree merely by naming them in the order. The only significant exception to this rule involves nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or the defendant's privy in violating the injunction. They may be held in contempt.

*United States of Am. v. Robinson*, 83 F.4th 868, 881 (11th Cir. 2023) (quoting 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2956 (3d ed. 2023); *see also Leshin*, 618 F.3d at 1236 (in civil contempt action against a nonparty, the plaintiff must show that the nonparty had "actual notice" of the Order and was in "active concert or participation" with the enjoined party in violating the order).

3. Here, for clarity's sake, the Stipulated Order lists specific persons and entities with whom Mr. Mayer is known or alleged to have had some prior business association, and requires that they be provided notice and a copy of the Stipulated Order to ensure they receive actual notice of the Stipulated Order, meaning that, if they engage in any active concert or participation with Mr. Mayer in any of the prohibited activities, they could be found to be in violation of the Order. This approach is consistent with applicable law and prior cases in this District. *See, e.g.*, *Ain Jeem, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on*

*Schedule "A"*, No. 8:21-CV-1082-KKM-CPT, 2022 WL 1261689, at *4 (M.D. Fla. Apr. 28, 2022) (in trademark suit, entering order that enjoined defendants from distributing infringing goods, as well as several named "nonparty online platforms [to the extent they] are currently fulfilling orders on behalf of Defendants" and thus were in requisite privity to be bound).

4. Nothing in Rule 65 requires the consent of nonparties in order to restrain them from acting in active concert or participation with a party who is enjoined. Nor have the parties located any case applying Rule 65 that would require such consent.

5. In light of the above, the parties respectfully request that the Court enter the proposed Stipulated Order.

DATED: April 11, 2025

Respectfully submitted,

| *Counsel for Plaintiff* | *Counsel for Defendant* |
|---|---|
| /s/ Thad Behrens_____ | /s/ C. Ryan Maloney\_\_\_\_\_ |
| Thad Behrens (*Pro hac vice*) | C. Ryan Maloney |
| Jacob Fields (*Pro hac vice*) | Florida Bar No. 652903 |
| Danielle Canfield Vorbrodt | Jeffrey S. York |
| (*Pro hac vice*) | Florida Bar No. 987069 |
| **Allen Overy** | John P. Whelan |
| **Shearman Sterling LLP** | Florida Bar No. 1058589 |
| 2601 Olive Street, 17th Floor | **SHUTTS & BOWEN LLP** |
| Dallas, TX 75201 | 1000 Riverside Avenue, Suite 800 |
| thad.behrens@aoshearman.com | Jacksonville, FL 32204 |

jacob.fields@aoshearman.com
danni.vorbrodt@aoshearman.com

and

William K. Hill
Florida Bar. No. 747180
Lauren V. Purdy
Florida Bar. No. 93943
Rebecca Maturo
Florida Bar. No. 1049429
**Gunster, Yoakley**
**& Stewart, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
whill@gunster.com
lpurdy@gunster.com
rmaturo@gunster.com

Telephone: 904-899-9926
rmaloney@shutts.com
jyork@shutts.com
jwhelan@shutts.com

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April 2025, the foregoing document was electronically filed and served on all parties' counsel of record via the Court's CM/ECF system.

>*/s/ Jacob Fields*
>Jacob Fields
>*Attorney for Plaintiff*