UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PURIS LLC AND
MURPHY PIPELINE
CONTRACTORS, LLC,

    *Plaintiffs,*

v.

ANDREW J. MAYER *et al.*,

    *Defendants.*

Case No. 3:25-cv-00157-TJC-PDB

**ORDER GRANTING PRELIMINARY INJUNCTION AGAINST CMG PARTIES**

Before the Court is the Motion for Preliminary Injunction Against Defendants CMG Pipelines, Inc. and Carmelo Gutierrez (Doc. 86) (the "Motion") filed by Plaintiffs PURIS LLC ("PURIS") and Murphy Pipeline Contractors, LLC ("Murphy"). The Motion is fully briefed: Defendants CMG Pipelines, Inc. ("CMG") and Carmelo Gutierrez (together, the "CMG Parties") filed a response in opposition (Doc. 147), to which Plaintiffs replied (Doc. 160). The parties filed additional filings through October 24, 2024. On September 3, 2025, and October 27, 2025, the Court held hearings on the Motion. (Docs. 168, 196.) Having considered the parties' briefing, evidence submitted, and arguments of counsel,

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. For the reasons described by the Court on the record during the September 3, 2025 and October 27, 2025 hearings, which are incorporated by reference, the Court finds:

   a. Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims against the CMG Parties for tortious interference.

   b. Plaintiffs have demonstrated that they will suffer immediate and irreparable harm unless the CMG Parties are restrained and enjoined by Order of this Court.

   c. The balance of harms favors the issuance of this Preliminary Injunction.

   d. The entry of this Preliminary Injunction is not counterweighed by any public interest.

   e. Accordingly, it is hereby:

**ORDERED:**

1. That Plaintiffs' Motion for Preliminary Injunction Against Defendants CMG Pipelines, Inc. and Carmelo Gutierrez (Doc. 86) is GRANTED.

2. That CMG Pipelines, Inc. and Carmelo Gutierrez, and any other persons or entities acting in concert or participation with either of them, is and are hereby restrained and enjoined from:

a. engaging in the provision of trenchless pipe rehabilitation solutions and technology to the municipal wastewater and water markets, which shall be interpreted for all purposes of this Order to include any job or contract that includes the provision of trenchless work involving pipelines of any diameter (including but not limited to pipe bursting, sliplining, or CompressionFit™ or "Die Draw" methods), trenchless lead pipe replacement, and trenchless lead detection services, within fifty (50) miles of the locations identified in Exhibit 1 (the "Restricted Territory"),[1] except that CMG Pipelines, Inc. and Carmelo Gutierrez may continue to perform under the following contracts identified to the Court:

    i. Job No. 1024 with the Sewage & Water Board of New Orleans;

    ii. Job No. 1029 with the City of New Orleans; and

    iii. Job No. 1039 with the City of New Orleans, provided, however, that CMG's permission to continue performing under Job No. 1039 is without prejudice to Plaintiffs' right to seek to amend this Order to enjoin CMG's performance

---

[1] The Restricted Territory is identical to the Restricted Territory of the Stipulated Order Granting Preliminary Injunction entered by this Court on April 16, 2025 (Doc. 42).

under Job No. 1039 following the development of additional evidence regarding the effect on the public interest.

For the avoidance of doubt, CMG is enjoined from performing under Job No. 1043 with JEA and Job No. 1044 with Barriere Construction.

b. directly or indirectly soliciting customers, business, patronage or orders for, or sell, any products or services in competition with, or for any business that competes with the business of PURIS or Murphy in the provision of trenchless pipe rehabilitation solutions and technology to the municipal wastewater and water markets within the Restricted Territory;

c. directly or indirectly diverting, enticing or otherwise taking away any customers, business, patronage or orders of PURIS or Murphy in the provision of trenchless pipe rehabilitation solutions and technology to the municipal wastewater and water markets within the Restricted Territory, or attempting to do so; or

d. directly or indirectly promoting or assisting, financially or otherwise, any person, firm, association, partnership, corporation or other entity engaged in any business which competes with the business of PURIS or Murphy in the provision of trenchless pipe rehabilitation solutions and technology to the municipal wastewater and water markets within the Restricted Territory.

3. That CMG Pipelines, Inc. and Carmelo Gutierrez, and any other persons or entities acting in concert or participation with them, is and are hereby restrained and enjoined from retaining, using, or disclosing any of PURIS's or Murphy's confidential information.

4. That CMG Pipelines, Inc. and Carmelo Gutierrez, and any other persons or entities acting in concert or participation with them, is and are hereby restrained and enjoined from directly or indirectly attempting to disrupt, damage, impair or interfere with the business of PURIS by raiding any of PURIS or Murphy's employees or soliciting any PURIS or Murphy employees to resign from their employment with PURIS or Murphy, or otherwise disrupting the relationship between PURIS or Murphy and any of their consultants, agents, representatives or vendors.

5. CMG Pipelines Inc. and Carmelo Gutierrez must, within 5 calendar days of the date this Preliminary Injunction is entered, provide a copy of this Preliminary Injunction to CMG's counterparty in any contract that has been enjoined under this Order.

6. For the reasons stated on the record at the hearing on October 27, 2025, Plaintiffs are granted leave to depose the City of New Orleans and seek appropriate documentation regarding Job No. 1039.

7. This Order shall remain in effect for the period of the earlier of eighteen months from March 25, 2025, or the conclusion of this pending lawsuit by settlement or judgment, unless otherwise modified by the Court.

8. The Court determines that no bond shall be required.

DONE AND ORDERED this 30 day of October, 2025.

Timothy J. Corrigan
United States District Judge